UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**NELSON DESIGN GROUP, LLC**                                                                 **PLAINTIFF**

vs.                                   Case No. 3:06-CV-00061 GTE

**FRANK BELTZ ASSOCIATES, INC, et al.**                                          **DEFENDANTS**

### ORDER DENYING MOTION TO DISMISS OR FOR TRANSFER

Before the Court is a Motion to Dismiss or, in the Alternative, for Stay or Transfer filed by Defendants Frank Betz Associates, Inc., Russell W. Moody, and Frank Betz (collectively "Beltz"). Plaintiff Nelson Design Group, LLC ("NDG") has responded to the motion and the Court is prepared to rule. For the reasons stated below, the Court concludes that Defendants' motion should be denied.

### FACTUAL BACKGROUND

Both NDG and Beltz are architectural design firms. Betz is headquartered in Smyrna, Georgia. NDG is headquartered in Jonesboro, Arkansas. Both firms market and sell architectural works and technical drawings.

On March 6, 2006, Betz filed suit in the United States District Court for the Northern District of Georgia against NDC and Michael Nelson alleging copyright infringement of home designs created by Beltz. A copy of the Complaint is attached as Exhibit A to Defendants' motion. A process server delivered the Summons and Complaint to NDG's offices on March 22, 2006. The following day, the process server returned to NDG and spoke with Mr. Michael Nelson, NDG's registered agent, and confirmed that he had received the Summons and Complaint. (Defs.' Exh. B).

On April 13, 2006, thirty-eight (38) days after Betz filed the Georgia Federal Suit and three weeks after NDG was served with notice of the lawsuit, NDB filed this action. NDG's Complaint also alleges copyright infringement of certain home designs under federal copyright law, contending that Beltz infringed upon drawings owned by NDG.

## DISCUSSION

The Court must decide whether to exercise jurisdiction over this copyright infringement suit. Defendant Betz contends that Plaintiff NDG filed this action as a tactical response to a similar suit filed first by Betz in the U.S. District Court for the Northern District of Georgia (the "Georgia Lawsuit"). Pursuant to the "first-filed" rule, Defendants seek to have this case dismissed, stayed, or transferred to the Northern District of Georgia for consolidation with the Georgia Federal Suit.

Plaintiff NDG, responding to Defendants' motion, points out that while the same legal analysis may govern the copyright infringement claims filed in the Georgia Lawsuit and in this case, the factual underpinnings for the two lawsuits are different, that is, different infringing designs are involved in both lawsuits. NDG points out that NDG's Complaint before this Court involves plans which NDG created and which it claims the Defendants infringed by copying without permission. Thus, NDG contends, the claims asserted in this lawsuit are not a defense to the Georgia Lawsuit, nor are they compulsory counterclaims in that case.

The Eighth Circuit follows the "first-filed" rule which generally recognizes that where two actions are pending between the same parties on substantially similar issues, the first-filed court, that is, the first court in which jurisdiction attaches, has priority to consider the case. *See Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). It does not appear that this is an appropriate circumstance for application of the "first-filed" rule because

the two actions do not appear to be parallel proceedings.  Thus, there is no danger of conflicting rulings since both courts will be applying applicable copyright law to entireley different designs. *See Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).

NDG also contends that Beltz has raced to the courthouse and acted in bad-faith, suggesting that even if the first-filed rule were applicable, it should not be applied here due to "compelling circumstances."[1]  To support this assertion, NDG points out that five of the seven claims asserted by Beltz in the Georgia Lawsuit had been previously released by Beltz in a Release and Settlement Agreement executed to resolve a prior lawsuit between the two parties.[2] If this is true and was done knowingly, then the Court would have legitimate reason to question Beltz's good-faith.  In any event, it is not necessary to resolve this issue due to the absence of parallel proceedings and the inapplicability of the first-filed rule.

## CONCLUSION

The Court, based on NDG's representation "[d]ifferent infringing designs are at issue" in the two lawsuits, concludes that,

IT IS THEREFORE ORDERED THAT Defendants' Motion to Dismiss or, in the alternative, for Stay or Transfer be, and it is hereby, DENIED.

IT IS SO ORDERED this 25th   day of July, 2006.

                                             _/s/ Garnett Thomas Eisele_____
                                             UNITED STATES DISTRICT COURT

---

[1] The court in Northwest Airlines, *supra*, recognizes that the first-filed rule should be applied only "in the absence of compelling circumstances."  *Northwest Airlines*, 989 F.2d at 1005 (*quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).

[2] If true, then such claims should be readily disposed of by the Georgia court.