**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO  DIVISION**


**NELSON DESIGN GROUP, LLC**                                               **PLAINTIFF**

**vs.**                                    **Case No. 3:06-CV-00061 GTE**

**FRANK BETZ ASSOCIATES, INC, et al.**                                  **DEFENDANTS**


**ORDER VACATING PRIOR ORDER AND TRANSFERRING CASE**

Before the Court is the Motion to Reconsider filed by Defendants Frank Betz Associates,

Inc., Russell W. Moody, and Frank Betz (collectively "Betz").  Nelson Design Group ("NDG")

has responded to the motion and the Court is prepared to rule.

Another action is pending between the same parties in the U.S. District Court for the

Northern District of Georgia, entitled *Frank Betz Associates, Inc. v. Nelson Design Group*, LLC,

et al., Case No. 1:06-CV-550-MHS (the "Georgia Lawsuit").   The presiding judge in that action,

The Honorable Marvin H. Shoob, recently denied NDG's motion to transfer the Georgia Lawsuit

to the Eastern District of Arkansas.  Judge Shoob, applying the first-filed rule, found that there

were no compelling circumstances that would justify disregarding the first-filed rule.  Judge

Shoob also held, in rejecting NDG's alternative argument for a transfer based on considerations

of judicial economy and convenience, that: "if consolidation of the two actions is appropriate,

then under the first-filed rule, it would appear that such consolidation should be in this Court

rather than the Arkansas court."  (Judge Shoob's Order of August 7, 2006, at p. 8).

Defendant Betz argues that Plaintiff NDG has taken inconsistent positions in the two

lawsuits, contending in the Georgia Lawsuit that the actions are so similar that they should be

heard in one forum in order to save considerable time and expense, while contending in this

- 1 -

lawsuit that the actions involve dissimilar claims and therefore are not parallel.  NDG argues that

it has always contended that the two lawsuits are dissimilar such that the first-filed rule is

inapplicable.  It is uncontroverted, however, that NDG has admitted that "many of the same

issues, arguments, witnesses, and documents will be involved in both the Arkansas and Georgia

actions" and that the consolidation of both cases in one forum will "save both parties, as well as

the courts, considerable time and expense."  (NDG's Memorandum filed in Georgia Lawsuit,

Exhibit A-2 to Betz's Brief in Support of Motion for Reconsideration,  at p. 7).

After reconsidering the issue, the Court concludes that it may have construed too

narrowly the requirement that proceedings be "parallel" for application of the first-filed rule.  In

its prior Order, the Court relied on the fact that "there is no danger of conflicting rulings since

both courts will be applying applicable copyright law to entirely different designs."  (Order of

July 25, 2006, Docket No. 32 at p. 3).  That being so, unless the cases are consolidated, two

different district courts will be applying the same body of law to resolve the same type of dispute

between the same parties.  Many of the same witnesses will have to testify.   Much of the same

background information necessary to resolve the dispute between the parties will have to be put

before each trial court.  Unless these cases are consolidated, a significant amount of duplicative

effort, unnecessary expense, and waste of judicial resources will result.  In this circumstance,

where the parties are the same, the nature of the alleged legal claims are the same, the Court

questions whether the actions should not be considered parallel despite a strict identity of claims.

The Court also has authority, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the

Northern District of Georgia.  Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it might
> have been brought.

This provision is "intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)(internal question marks omitted). Additionally, the statutory factors are not exhaustive and the Court may consider all factors relevant to a particular case.

Following Judge Shoobs' ruling, it is now established that the parties will in fact be litigating copyright infringement claims in the Georgia Lawsuit. Some of the same witnesses will be required to appear in both cases. Some of the same documentary evidence will also be presented in both cases. NDG has admitted that the consolidation of the two actions will result in a significant savings in time and expense for the parties and the judicial. That savings will not occur at this point unless this Court transfers this action to Georgia for consolidation with the action pending before Judge Shoob. Considering all relevant factors, including considerations of equity, the Court concludes that 28 U.S.C. § 1404(a) provides an additional, and alternative, justification for the transfer of this action to the Northern District of Georgia.

## CONCLUSION

The Court has reconsidered the issues presented by Defendants' Motion to Dismiss or, in the alternative, for Stay or Transfer, including the additional briefing submitted by the parties and the above referenced recent Order by Judge Shoob's in the Georgia Lawsuit. Accordingly,

IT IS HEREBY ORDERED THAT Defendants' Motion for Reconsideration (docket entry # 35) be, and it is hereby, GRANTED. The Court directs that its prior Order dated July 25, 2006 denying Defendant's Motion to Dismiss, or in the alternative, for Stay or Transfer (docket entry # 32) be, and it is hereby, VACATED.

IT IS FURTHER ORDERED THAT Defendants' Motion to Amend/Correct Motion for

Reconsideration (docket entry # 38) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT the Clerk of the Court is hereby directed to transfer this action, to the Northern District of Georgia.  Because this case is related to the case of *Frank Betz Associates, Inc. v. Nelson Design Group, LLC, et al.*, Case No. 1:06-CV-550-MHS, this case should be assigned directly to The Honorable Marvin H. Shoobs, who in his sole discretion shall make the final determination of whether the cases should be consolidated.[1]  Pursuant to *In re Nine Mile Limited*, 673 F.2d 242 (8th Cir. 1982), the Clerk of the Court is directed to delay transferring this file until **August 31, 2006**, in order to allow Plaintiff to seek further relief if it so chooses.

IT IS SO ORDERED THIS   9th   day of August, 2006.

        /s/Garnett Thomas Eisele
        UNITED STATES DISTRICT JUDGE

---

[1]  Prior to issuing this Order, a member of this Court's staff spoke with a member of Judge Shoob's staff.  It is this Court's understanding that Judge Shoob has graciously consented to have this case assigned directly to him as a related case.